## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Raven Renee Secondine,** | ) | **BK No. 21-02510-RM3-7** |
| | ) | |
| **Debtor(s).** | ) | |

## NOTICE OF NONCOMPLIANCE WITH LOCAL RULE 3001-1

The Trustee, Erica R. Johnson, hereby gives notice that the following creditor has not complied with amended Local Rule 3001-1 by failing to submit to the Trustee proof that its security interest has been perfected:

**Name and Address of Creditor and Collateral:**
Carvana, LLC
c/o Corporation Service Company, Registered Agent
2908 Poston Avenue
Nashville, Tennessee 37203

Carvana, LLC
Attn: Lilly Guzman
PO Box 29018
Phoenix, Arizona 85038
(Pursuant to Reaffirmation Agreement filed September 1, 2021)

| | |
|---|---|
| **COLLATERAL:** | **2019 Kia Sorento** |
| **ACCOUNT NUMBER:** | **Not provided by Debtor** |
| **SSN(S) FOR BORROWER(S)/DEBTOR(S):** | **xxx-xx-2868** |

(a)     PROOF OF SECURITY INTEREST:  In a Chapter 7, 12 or 13 case, when a claim, or an interest in property securing the claim, is based on a writing, the creditor or the creditor's authorized agent shall provide a copy of the writing to the Trustee prior to the meeting of creditors. If perfection of a security interest is claimed, the creditor shall provide proof of perfection and date of perfection to the Trustee prior to the meeting of creditors.  All creditors asserting a security interest in property of the estate or property of the debtor shall submit to the trustee proof that the asserted security interest has been perfected; submit a statement of the approximate amount of debt secured by each lien; and, with respect to motor vehicles, the date on which application was made.

(b)     FAILURE TO COMPLY:  To be entitled to the relief in subsections (b) or (c), the trustee shall give at least 21 days written notice of the requirements in subsection (a) above to any creditor scheduled or otherwise known by the trustee to be claiming a security interest.  If the holder of a claim fails to provide any information required by this rule, the court may, after notice and hearing, take either or both of the following actions:

(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

 (c)    If the holder of a claim fails to provide any information required by this rule, there shall be a presumption that a bona fide dispute exists for purposes of sale pursuant to  11 U.S.C. § 363(f)(4).

The Trustee further gives notice that any creditor who fails to comply with L.R. 3001-1 and fails to cure that noncompliance within 21 days of the notice shall be assessed any costs (including reasonable attorney fees) incurred by the Trustee, as provided by L.R. 3001-1.

The creditor listed above should **submit (1) a copy of the writing in which the claim is based upon; (2) proof that it has perfected its security interest; (3) a statement of the approximate amount of debt secured by each lien; and (4) with respect to motor vehicles, the date on which application was made** in the above-stated collateral to the Trustee at the address below **within 21 days** of the date of this notice.

Dated:  September 23, 2021

*/s/ Erica R. Johnson, Trustee*
Erica R. Johnson, Trustee
8161 Highway 100, Suite 184
Nashville, Tennessee 37221
(615) 347-5869 – Telephone
erjtrustee@erjlaw.com - Email

# THIS WILL BE YOUR ONLY NOTICE

### CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and exact copy of the Notice of Noncompliance with Local Rule 3001-1 either via CM/ECF Email Notice/Service or via U.S. Mail to the U.S. Trustee, ustpregion08.na.ecf@usdoj.gov; Attorney for the Debtor; and to the addresses listed on page 1 of this Notice on this 23rd day of September, 2021.

*/s/ Erica R. Johnson*
Erica R. Johnson